EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* MIGUEL PAGÁN RIVERA, acusado y apelante.

*Número:* CR-76-115       *Resuelto:* 22 de diciembre de 1976

*José Rafael Gelpí, B. Quiñones Elías* y *Julio Luis Castro,* abogados del apelante; *Roberto Armstrong, Jr., Procurador General Interino,* y *Federico Cedó Alzamora, Procurador General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

Para la fecha en que ocurrieron los hechos que dieron origen a la acusación la perjudicada tenía doce años. El acusado, hombre de 58 años, estaba casado en segundas nupcias con una tía de ésta, la que padecía de asma. Con motivo de este padecimiento el acusado en ocasiones requería la cooperación de la perjudicada para que le cuidara los dos niños del matrimonio. El 11 de agosto de 1974, en la madrugada, la fue a buscar para que se quedara con sus primos mientras él llevaba su esposa al hospital. La madre, con la confianza de ser un hombre mayor, casado con su hermana, le permitía ir. Como "ella era una nena y él era un señor mayor de edad, yo me imaginaba que él me la trataba como hija." El acusado llevó a su esposa al hospital y regresó aún estando de

noche. En esa ocasión tuvo relaciones íntimas con la perjudicada por primera vez. En otras dos ocasiones se repitieron. La niña salió encinta.

Convicto por tribunal de derecho apeló. Apunta como único error que la declaración de la perjudicada no fue corroborada.

Dispone la Regla 154 de Procedimiento Criminal de 1963, según quedó enmendada por la Ley Núm. 209 de 23 de julio de 1974, vigente la enmienda desde la misma fecha, en su parte pertinente que "en procesos por delitos de violación o tentativa de cometerlo, la prueba de corroboración será necesaria solamente cuando de la prueba surja la existencia previa al momento de la alegada comisión del delito de relaciones amistosas, o amorosas, o íntimas o de igual naturaleza entre el acusado y la perjudicada."

La nueva versión de esta Regla comienza a recoger el pensamiento moderno sobre la exigencia de corroborar el testimonio de la perjudicada en casos de violación. Ya en *Pueblo* v. *Báez Cintrón*, 102 D.P.R. 30, 37 (1974), en un caso de cómplice, apuntamos que esta exigencia está en proceso evanescente en los sistemas de derecho más progresistas. Como hemos visto la Regla exime del requisito corroborativo en los casos de violación excepto cuando previo al momento de la alegada comisión del delito existan "relaciones amistosas o amorosas o íntimas o de igual naturaleza entre el acusado y la perjudicada."

En la Exposición de Motivos del proyecto que dio origen a la nueva versión de la Regla 154 se expresa que "el fundamento histórico y clásico legal que dio vida a la regla de corroboración en delitos sexuales, obedeció a la necesidad de proteger al acusado de imputaciones infundadas y que pudieran ser hijas de la reacción femenina ante el desamor o inconstancia del hombre, y ello no tiene aplicación en casos de inexistencia de relaciones previas."

■ Es claro de la lectura de la regla y de la Exposición de Motivos que precedió el proyecto considerado por la Asamblea Legislativa que la intención fue eliminar el requisito de corroboración en casos de violación excepto en aquellos casos en que pudiera establecerse que hubo relaciones amorosas o parecidas, que pudieran dar base para que la mujer le imputara al hombre, ya fuera por despecho, celos o algo por el estilo que la animara a utilizar el proceso judicial como venganza. Obviamente la regla no exige que el acusado sea un completo y total desconocido para la perjudicada.

La prueba, como hemos expuesto, lo que revela es que la perjudicada era una niña de 12 años, sobrina política del acusado, que cuidaba de los hijos de éste cuando él tenía que llevar a su esposa al hospital y que éste se aprovechó de este hecho para saciar sus apetitos carnales.

■ El tipo de relación que hace necesaria la corroboración es otro. Ciertamente no es la relación familiar, el trato frecuente por circunstancias especiales. Es la relación íntima, amorosa, que pueden dar margen al despecho, ante la inconstancia y el engaño del hombre. Como bien expresa el Procurador General, "el nexo familiar existente entre la perjudicada y el acusado no cae ni puede contarse entre las relaciones amistosas, o amorosas o íntimas 'o de igual naturaleza' a que alude la regla. Los vínculos familiares son la fuente de unas relaciones muy peculiares que entendemos fueron excluidas por el Legislador cuando enumeró las antes mencionadas, porque según se trasluce de la intención legislativa de la enmienda a la Regla 154 de Procedimiento Criminal, el fundamento histórico que dio vida a la Regla de Corroboración en delitos sexuales obedeció a la necesidad de proteger al acusado de imputaciones infundadas que pudieran ser hijas de una reacción femenina como el despecho, ante el desamor o la inconstancia del hombre, y este princi-

pio no tiene aplicación en casos en los que se viola la ley abusando de los más sagrados vínculos de familia."

*Se confirmará la sentencia apelada.*

El Juez Asociado Señor Negrón García emitió voto separado con el cual concurre el Juez Asociado Señor Martín.

—O—

Voto separado del Juez Asociado Señor Negrón García con el cual concurre el Juez Asociado Señor Martín.

San Juan, Puerto Rico, a 22 de diciembre de 1976

Convencido de que la regla de corroboración cualificada que prevalece en procesos de violación o su tentativa, (1) de su faz infringe la prohibición constitucional de discrimen por razón de sexo, (2) pues *a priori* arroja dudas sobre la suficiencia y veracidad del testimonio de toda mujer enervándolo frente al del hombre, cuya vigencia en nuestro ordenamiento jurídico no sólo representa un trato diferente, arcaico e injustificado atribuíble a su condición única femenina, sino una afrenta que constantemente lesiona la dignidad humana de dicho ser, uno por este fundamento mi voto a la opinión del Tribunal confirmando el dictamen de la sala Sentenciadora de instancia.

La tradicional norma de abstención judicial que existe en torno a pronunciamientos sobre la validez de cuestiones constitucionales no suscitadas, cede por excepción en el caso de autos frente al mandato, *ex proprio vigore*, de "reconocer el advenimiento de la mujer a la plenitud del derecho y a la igualdad de oportunidades con el hombre", (3) y ante la

---

(1) Según enmendada por la Ley Núm. 209 de 26 de julio de 1974.

(2) "La dignidad del ser humano es inviolable. Todos los hombres son iguales ante la ley. No podrá establecerse *discrimen alguno* por motivo de ... sexo. ..." Art. II, Sec. 1. (Énfasis suplido.)

(3) 4 *Diario de Sesiones de la Convención Constituyente*, pág. 2561. (Ed. 1961).

dificultad procesal y escasa posibilidad de que en causas criminales pueda eficazmente levantarse el planteamiento por no ser ella *la parte* ni ostentar la capacidad necesaria al efecto.